UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN M. AVDEEF and MELISSA A. AVDEEF, Individually and as Next Friends of ANASTASIA M. AVDEEF, a Minor, and SHIRLEY A. AVDEEF,<br><br>    Plaintiffs,<br><br>v.<br><br>ROCKLINE INDUSTRIES, INC., SAM'S EAST, INC. d/b/a SAM'S CLUB, and WAL-MART STORES, INC.,<br><br>    Defendants. | § § § § § § § § § § § § § § §   CIVIL ACTION NO. _____<br><br>   JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs STEPHEN M. AVDEEF and MELISSA A. AVDEEF, individually and as Next Friends of ANASTASIA M. AVDEEF, a minor, and SHIRLEY AVDEEF (collectively "Plaintiffs") file this Original Complaint seeking money damages from Defendants ROCKLINE INDUSTRIES, INC., SAM'S EAST, INC. d/b/a SAM'S CLUB and WAL-MART STORES, INC. (collectively "Defendants") related to Plaintiffs' purchase, use of, and exposure to contaminated wipes designed, manufactured, marketed, and/or sold by Defendants, which resulted in severe personal injuries and economic damages to Plaintiffs.

### I. THE PARTIES

1. Plaintiff STEPHEN M. AVDEEF is an individual who resides in Tarrant County, Texas, and is a citizen of Texas. Stephen M. Avdeef is the father of Plaintiff Anastasia M. Avdeef, a minor.

2. Plaintiff MELISSA A. AVDEEF is an individual who resides in Tarrant County,

Texas, and is a citizen of Texas.  Melissa A. Avdeef is the mother of Plaintiff Anastasia M. Avdeef, a minor.

3. Plaintiff SHIRLEY A. AVDEEF is an individual who resides in Tarrant County, Texas, and is a citizen of Texas.  Shirley A. Avdeef is the mother of Plaintiff Stephen Avdeef.

4. Defendant ROCKLINE INDUSTRIES, INC. is a Wisconsin Corporation with its principal place of business located in Sheboygan, Wisconsin.  Rockline Industries, Inc. may be served with service and process by serving its registered agent for service of process, Milt Menjivar, at 3230 Mid Hollow Drive, San Antonio, Texas 78230.

5. Defendant SAM'S EAST, INC. d/b/a SAM'S CLUB is an Arkansas Corporation with its principal place of business located in Bentonville, Arkansas.  Sam's East, Inc. participates substantially in the selection, marketing, distribution, and selling of products in its Sam's Club retail outlet stores.  Sam's East, Inc. is also a subsidiary company of Defendant Walmart-Store, Inc.  Sam's East, Inc. may be served with service and process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, Texas  75201.

6. Defendant WAL-MART STORES, INC. is a Delaware Corporation with its principal place of business located in Bentonville, Arkansas.  Wal-Mart Stores, Inc. is the parent company of Defendant Sam's East, Inc. and also participates substantially in the selection, marketing, distribution, and selling of products in its Sam's Club retail outlet stores.   Wal-Mart Stores, Inc. may be served with service and process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, Texas  75201.

## II.  JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this cause and Plaintiffs' state-law

claims under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interests and costs and Plaintiffs and Defendants are citizens of different States.

8. Under 28 U.S.C. § 1391(a), venue is proper in this judicial district because a substantial part of the events and omissions giving rise to the claims of this action occurred in this district.

9. The Court has general and specific personal jurisdiction over Defendants because Defendants have established minimum contacts with the State of Texas and the Court's exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

### III. FACTS APPLICABLE TO ALL COUNTS

10. Plaintiff Melissa Avdeef purchased a box of Members Mark Moist Wipes ("Baby Wipes") from the Sam's Club retail store #8210, located at 2440 S. Loop 820, Fort Worth, Texas 76140. At the time, Anastasia Avdeef was only three years of age, and Melissa and Stephen Avdeef purchased the Baby Wipes for the express purpose of using the Baby Wipes while changing Anastasia's diapers, cleaning around the diaper changing area, and general cleanup of their toddler.

11. Plaintiff Shirley Avdeef, who is the grandmother of Anastasia M. Avdeef, lived with Melissa and Stephen Avdeef in the same residence and assisted with the care of Anastasia. Plaintiffs all came into contact with and handled the Baby Wipes while caring for Anastasia, and Anastasia was constantly exposed to these products on a daily basis.

12. The Baby Wipes were designed, manufactured, packaged, marketed, and distributed by Defendant Rockline Industries, Inc. Further, the Baby Wipes were marketed, sold, and distributed by Defendants Sam's East, Inc. d/b/a Sam's Club and Wal-Mart Stores, Inc.

(collectively the "Sam's Club Defendants" or "Sam's Club").  Based on information and belief, the Sam's Club Defendants also participated substantially in the design of the Baby Wipes and exercised substantial control over the product packaging, advertising, and content of the warnings or instructions that accompanied the product.

13.     The Sam's Club retail store that marketed, sold, and distributed the products at issue, and from which Plaintiffs purchased the Baby Wipes, was at the time owned, operated, and/or under the control of one or more of the Sam's Club Defendants.

14.     After using the using the Baby Wipes for a short period of time, Plaintiffs and Anastasia began experiencing cold and flu-like symptoms, including coughs and upper respiratory and sinus irritations.  As time progressed, Plaintiffs and Anastasia began experiencing more serious illnesses, including exhibiting symptoms of urinary tract infections, sever upper respiratory infections, and digestive illnesses.

15.     Although Plaintiffs contacted their physician and received medical attention for their injuries, and despite numerous testing, neither Plaintiffs nor their physicians were able to determine the cause or source of their illnesses.  Thus, despite their diligence, Plaintiffs were not able to discovery the source of their or Anastasia's illnesses or link the illnesses to the Baby Wipes.

16.     On December 17, 2008, after daily exposure and use of the contaminated products, Plaintiffs received a letter in the mail from Sam's Club, informing them that the Baby Wipes they had purchased, with the UPC code (681131 90067 681131891264), contained Burkholderia cepacia ("B. cepacia").  In response to the letter, Plaintiffs immediately stopped using and handling the Baby Wipes.

17.     B. cepacia is a known human pathogen that causes serious respiratory diseases,

urinary tract infections, related illnesses, and even death.  B. cepacia bacteria thrives in wet and warm environments, is difficult to treat due to being resistant to many common antibiotics, and poses substantial health risks for persons with weakened immunity systems, such as the young and the elderly, and persons with chronic lung diseases.

18.     According to Sam's Club disclosure letter, Sam's Club claimed that the Baby Wipes had been contaminated with the B. cepacia bacteria sometime during the products' manufacturing process.

19.     As a result of using and coming into contact with the contaminated Baby Wipes in the course of caring for Anastasia, Plaintiffs Melissa Avdeef, Stephen Avdeef, and Linda Avdeef all developed severe upper respiratory infections, breathing problems, and frequent colds and flu-like symptoms, which required them to undergo extensive medical treatment.  Plaintiff Melissa Avdeef also experienced bronchial asthma and other related breathing problems on numerous occasions.  Plaintiff Stephen Avdeef also experienced severe abdominal and intestinal cramps on numerous occasions, which required him to present himself to an emergency room for treatment.   Plaintiff Shirley Avdeef also suffered a heart attack due to the severe lung infections that she developed as a direct result of coming into contact with and being exposed to the Burkholderia cepacia from the contaminated Baby Wipes.

20.     As a result of using and coming into contact with the contaminated Baby Wipes, Anastasia Avdeef developed several upper respiratory infections as well as frequent colds and flu-like symptoms, which required her to undergo extensive medical treatment.  Anastasia Avdeef also experienced several severe cases of constipation and diarrhea, she suffered from several urinary tract infections and yeast infections, and she developed numerous skin rashes around her diaper

area. Anastasia Avdeef has been required to undergo extensive medical treatment as a result of these injuries.

## IV. CLAIMS

**COUNT ONE: PRODUCT LIABILITY.**

21. Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

22. Defendant Rockline Industries, Inc. was, at the time of the incident, and is now engaged in the business of designing, manufacturing, packaging, marketing, and selling certain products, including the Baby Wipes, for sale and for use by members of the general public. Defendant Rockline placed the Baby Wipes into the stream of commerce by selling the product to a supplier.

23. Defendants Sam's Club was, at the time of the incident, and is now engaged in the business of marketing, distributing, and selling goods at retail to members of the general public, including the Baby Wipes.

24. Plaintiff Melissa Avdeef bought the wipes from Defendant Sam's Club. The wipes were in the same condition at the time Plaintiffs were injured as they were when they were originally manufactured by Rockline and left the hands of Rockline, at the time they were sold by Defendant Sam's Club and left the hands of Sam's Club, and at the time that the products reached the Plaintiffs.

25. Plaintiffs were injured by using these products in the manner intended and foreseen by Defendants. The contaminated products in question are wipes, which are a product sold in sealed packages, designed to come into contact with the skin of babies and toddlers while

changing their diapers, among other purposes and uses.

26. The Baby Wipes were defective and unsafe for their intended purposes at the time the products left the control of Defendant Rockline, at the time the Sam's Club Defendants sold the Products to Plaintiffs, and at the time that the products reached Plaintiffs in one or more of the following ways, among others:

(a) The Baby Wipes were manufactured improperly, incorrectly, and defectively because they deviated from their design and contained dangerous bacteria, Burkholderia cepacia, which is a known human pathogen;

(b) The Baby Wipes were marketed improperly, incorrectly, and defectively because they contained inadequate, insufficient, and improper warnings and instructions regarding the proper use, storage, and care of the products, the inherent dangers in the product, and the health risks associated with use of the wipes.

27. Defendants had actual knowledge of these defects, or should have reasonably foreseen that the products posed a potential harm to users, which gave rise to Defendants' duty to warn.

28. These defects rendered these products unreasonably dangerous and were the producing cause of the Plaintiffs' injuries and damages.

**COUNT TWO: NEGLIGENCE AND GROSS NEGLIGENCE.**

29. Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

30. At the time of the incident, Defendants owed numerous duties to Plaintiffs, including but not limited to the following:

(a) To exercise ordinary and reasonable care in the selection of products for specific advertised and represented purposes;

(b) To exercise ordinary and reasonable care to prevent physical harm that was reasonably foreseen from the use of the products;

(c) To exercise ordinary and reasonable care to discover and adequately warn, instruct, and notify potential end users of the dangerous propensities of the product; and

(d) To exercise ordinary and reasonable care to test the products for potential dangers to end-users.

31. Defendants breached these duties in one or more of the following respects, separately and collectively, among others:

(a) in failing to properly manufacture, package, and ship the Baby Wipes, including but not limited to failing to properly clean the manufacturing and packaging equipment involved in the manufacturing and packaging process;

(b) in failing to properly warn, instruct, and notify potential end users of the Baby Wipes of the potential harm associated with the use of the products, the proper care of the products, and measures to reduce or eliminate hazards associated with the products;

(c) in failing to implement adequate and reasonable rules, regulations, and protocols during the manufacturing and packaging process that would have substantially reduced or eliminated the risk of bacteria contamination of the products;

(d) in failing to properly screen, hire, train, and oversee adequate manufacturing and packaging personnel needed to properly oversee the manufacturing and packaging process;

(e) in failing to implement and install adequate and reasonable safety measures,

procedures and protocols, equipment, or training in devices needed to protect end users from the unreasonable and foreseeable risk of harm caused by contaminated products; and

(f)     in failing to properly test the products at issue and implement proper and adequate quality control measures to locate the dangerous bacteria before placing the defective products into the hands of end users.

32.     Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and the Plaintiffs' injuries and damages. As a direct and proximate result of Defendants' intentional nondisclosure of material facts, Plaintiffs suffered and sustained substantial injury for which they seek appropriate judicial relief including, but not limited to, the recovery of actual and special monetary damages (including compensatory and consequential damages), interest, attorneys' fees, and exemplary damages in a sum within the jurisdictional limits of the Court.

**COUNT THREE:  COMMON-LAW FRAUD.**

33.     Plaintiffs incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

34.     As set forth above, Defendants failed to disclose and concealed material facts about Baby Wipes, including but not limited the potential danger that the wipes presented to consumers and users such as the Plaintiffs, the warning signs that could have alerted Plaintiffs to the potential danger posed by the Baby Wipes, and appropriate precautions that consumers and users such as the Plaintiffs could have utilized to minimize or eliminate the risks posed, when the particular circumstances imposed a duty on them to disclose this information.

35.     The facts concealed and which Defendants failed to disclose to Plaintiffs were

material, and at the time Defendants knew that Plaintiffs were ignorant of these material facts and that Plaintiffs did not have an equal opportunity to discovery the facts.

36. Because Defendants had a duty to disclose these material facts to Plaintiffs, but chose not to speak when they had a duty, Defendants' intentional nondisclosure is equivalent to a false representation.

37. Plaintiffs reasonably relied on Defendants' nondisclosure.

38. As a direct and proximate result of Defendants' intentional nondisclosure of material facts, Plaintiffs suffered and sustained substantial injury for which they seek appropriate judicial relief including, but not limited to, the recovery of actual and special monetary damages (including compensatory and consequential damages), interest, attorneys' fees, and exemplary damages in a sum within the jurisdictional limits of the Court.

**COUNT FOUR: BREACH OF CONTRACT - SAM'S CLUB DEFENDANTS.**

39. Plaintiff hereby incorporates and realleges the matters set forth in the preceding paragraphs as if set forth at length.

40. As set forth above, Plaintiffs and the Sam's Club Defendants entered into an agreement for Defendants to provide Plaintiffs with baby wipes products.

41. Plaintiffs complied with and performed all of their obligations arising under the contract made the basis of this litigation. Defendants failed to comply with their obligations under the parties' agreement.

42. As a direct and proximate result of Defendants' breach of the contract made the basis of this lawsuit, Plaintiffs have suffered and sustained substantial injury for which they seek appropriate judicial relief including, but not limited to, the recovery of actual and special monetary

damages (including compensatory and consequential damages), interest, and attorneys' fees in a sum within the jurisdictional limits of the Court.

**COUNT FIVE: VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT.**

43. Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

44. Plaintiffs are consumers under Section 17.41, *et seq.*, of the Texas Deceptive Trade Practices – Consumer Protection Act, Texas Business & Commerce Code, Chapter 17 ("DTPA").

45. As more specifically enumerated above, before, after, and at the time that Plaintiffs purchased goods from Defendants, Defendants' employees and authorized agents and representatives, through advertisements, samples, documents, and direct representations, made numerous misrepresentations regarding the characteristics and quality of the goods and services sold to Plaintiffs.

46. Defendants committed wrongful acts under the DTPA, which include but are not limited to the following false, misleading, or deceptive acts or practices under Section 17.46(b) of the DTPA:

(a) §17.46(b)(2) – causing confusion or misunderstanding about the source, sponsorship, approval, or certification of goods or services;

(b) §17.46(b)(3) – causing confusion or misunderstanding about affiliation, connection, or association with, or certification by, another;

(c) §17.46(b)(5) – representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not

have;

(d)   §17.46(b)(7) – representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(e)   §17.46(b)(9) – advertising goods or services with intent not to sell them as advertised; and

(f)   §17.46(24) – failing to disclose information concerning goods or services which was known at the time of the transaction with the intent to induce the Plaintiffs to enter into a transaction into which she would not have entered had the information been disclosed.

47.   Plaintiffs relied on these false, misleading, and deceptive acts and/or practices to their detriment, and, as a result, Plaintiff have sustained substantial harm and damages.

48.   In addition to the foregoing, the wrongful acts and omissions enumerated herein constitute breaches of express and implied warranties in violation of Section 17.50 of the DTPA, including, but not limited to the following:

(a)   express warranty;

(b)   the implied warranty of merchantability; and

(c)   the implied warranty of fitness for a particular purpose.

49.   Further, Plaintiffs allege that Defendants engaged in an unconscionable act or course of action under Section 17.50(a)(3) of the DTPA by knowingly marketing and selling goods and services in a defective condition, intentionally and continuously misrepresenting to Plaintiffs that the goods that Plaintiffs purchased were safe for use on and around young and elderly persons and persons with weakened immunity systems, and intentionally failing to inform Plaintiffs of the inherent danger with using and handling the products at issue. This course of continual

unconscionable conduct has resulted in substantial damages to Plaintiffs.

50. As a direct and producing result of the Defendants' improper acts and practices in violation of Sections 17.46 and 17.50 of the Texas Business & Commerce Code, Plaintiffs suffered and sustained substantial injury for which they seek appropriate judicial relief including, but not limited to, the recovery of actual and special monetary damages (including compensatory and consequential damages), interest, attorneys' fees, and exemplary damages in a sum within the jurisdictional limits of the Court.

51. Because Defendants acted knowingly and intentionally, Plaintiffs request additional multiple damages as provided by Section 17.50 of the DTPA.

52. Plaintiffs have not provided Defendants with pre-suit written notice of their complaint because notice would be impractical under Section 17.505(a) of the DTPA, and would show compliance with all conditions precedent to the filing of this suit and recovery under the DTPA.

**COUNT SIX: BREACH OF EXPRESS WARRANTY.**

53. Plaintiffs incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

54. As described above, Defendants made statements, promises, and affirmations regarding the quality and characteristics of the Baby Wipes to induce Plaintiffs to purchase these goods. The statements and promises described above were made by Defendant by affirmation of fact, promise, description, or display of a sample or model, and were a part of the basis of the bargain between Plaintiffs and Defendants. Plaintiffs relied on the truth of those statements and promises in purchasing the goods. The Baby Wipe products that Defendants sold to Plaintiffs

failed to comply with Defendants' promises or affirmations.

55. Plaintiffs have provided Defendants with written notice of the breach, and Plaintiffs have fully satisfied and performed all conditions precedent to the filing of this suit.

56. As a direct and proximate result of Defendants' breach, Plaintiffs suffered and sustained substantial injury for which they seek appropriate judicial relief including, but not limited to, the recovery of actual and special monetary damages (including compensatory and consequential damages), interest, attorneys' fees, and exemplary damages in a sum within the jurisdictional limits of the Court.

**COUNT SEVEN: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY.**

57. As described above, Defendants sold or leased goods to Plaintiffs. The goods purchased by Plaintiffs and described herein were unmerchantable when they left the Defendants' possession for the following reasons, among others:

(a) the goods were not of a quality comparable to other goods sold in the same line of trade under the same description and would not pass without objection in the trade;

(b) the goods were not of a fair, average quality;

(c) the goods were not fit for their ordinary purposes and lacked characteristics necessary for adequacy;

(d) the goods failed to meet the parties' agreement and were not of even kind, quality, or quantity; and

(e) the goods failed to conform to the promises or affirmations of fact provided by Defendants to Plaintiffs.

58. As a direct and proximate result of Defendants' breaches, Plaintiffs suffered and

sustained substantial injury for which they seek appropriate judicial relief including, but not limited to, the recovery of actual and special monetary damages (including compensatory and consequential damages), interest, attorneys' fees, and exemplary damages in a sum within the jurisdictional limits of the Court.

59. Plaintiffs provided Defendants with written notice of the breach, and Plaintiffs have fully satisfied and performed all conditions precedent to the filing of this suit.

**COUNT EIGHT: BREACH OF THE IMPLIED WARRANTY OF FITNESS.**

60. As described above, Defendants sold or leased goods to Plaintiffs. Plaintiffs relied on Defendants' representations that the Baby Wipes were fit and appropriate for use and handling around babies, young persons, and other persons with weakened or immature immune systems. The goods at issue were not fit for Plaintiffs; particular purpose because they were contaminated with a virulent bacteria that caused severe personal injuries and economic damages to Plaintiffs.

61. As a direct and proximate result of Defendants' breaches, Plaintiffs suffered and sustained substantial injury for which they seek appropriate judicial relief including, but not limited to, the recovery of actual and special monetary damages (including compensatory and consequential damages), interest, attorneys' fees, and exemplary damages in a sum within the jurisdictional limits of the Court.

62. Plaintiffs provided Defendants with written notice of the breach, and Plaintiffs have fully satisfied and performed all conditions precedent to the filing of this suit.

## V.
## APPLICATION OF THE DISCOVERY RULE
## AND DEFERRAL BASED ON FRAUDULENT CONCEALMENT

63. Plaintiffs incorporate and reallege the matters set forth in the preceding paragraphs

as if set forth at length.

64. To the extent that any of Plaintiffs' claims or causes of action would otherwise be barred by any applicable statute of limitations, or any other statutory, common-law, or equitable limitations doctrine, Plaintiffs affirmatively plead the application of the discovery rule. The injuries and damages sustained by Plaintiffs and Defendants' wrongful acts were inherently undiscoverable because, among other factors, their injuries and damages arise from the Defendants' fraudulent conduct, intentional misrepresentations, and deliberate nondisclosure and failure to disclose information related to the safety of their products. Further, the injuries and damages sustained by Plaintiffs were objectively verifiable.

## VI.  DAMAGES

65. Defendants' negligent acts and/or omissions, as described herein, were the proximate cause of personal injuries and damages to Plaintiffs. As a result of the wrongful acts and/or omissions of Defendants, Plaintiffs have sustained damages in excess of $1,000,000.00. Plaintiffs seek the following damages, among others, from Defendants:

(a) physical pain and suffering in the past and future;

(b) mental anguish in the past and future;

(c) physical disfigurement in the past and future; and

(d) reasonable and necessary medical expenses in the past and future;

(e) past and future loss of wage earning capacity and past lost wages;

(f) statutory damages allowed by law; and

(g) economic damages.

## VII.  EXEMPLARY DAMAGES

66. Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

67. Plaintiffs further allege that because the Defendants' actions as described in more detail herein, were fraudulent, malicious, and/or grossly negligent, Plaintiffs request that exemplary damages be awarded against Defendants in a sum within the jurisdictional limits of the Court.

## VIII.  ATTORNEYS' FEES AND COSTS OF COURT

68. Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

69. Plaintiffs have retained the firm of Cash Klemchuk Powers Taylor LLP to represent her in this action and have agreed to pay the firm reasonable and necessary attorneys' fees. Under Chapter 38 of the Texas Civil Practice & Remedies Code and Section 17.50(d) of the Texas Business & Commerce Code, Plaintiffs seek their reasonable attorneys' fees in pursuing this action.

70. Under Section 37.007 of the Texas Civil Practice & Remedies Code, Section 17.50(d) of the Texas Business & Commerce Code, the Texas Rules of Civil Procedure, and Texas common law, Plaintiffs seek their recoverable costs in pursuing this action.

## IX.  DEMAND FOR JURY TRIAL

71. Plaintiffs demand a trial by jury.

## X. REQUEST FOR RELIEF

Considering the premises, Plaintiffs STEPHEN M. AVDEEF, MELISSA A. AVDEEF,

INDIVIDUALLY AND AS NEXT FRIEND FOR ANASTASIA M. AVDEEF, and SHIRLEY AVDEEF respectfully pray that ROCKLINE INDUSTRIES, INC., SAM'S EAST, INC. d/b/a SAM'S CLUB, SAM'S WEST, INC. d/b/a SAM'S CLUB, and WAL-MART STORES, INC. be cited to appear and answer herein, and that upon final trial Plaintiffs recover damages from Defendants as established by a jury, for the following:

    a.    actual and special damages as pleaded in excess of the minimum jurisdiction limits of the court;

    b.    statutory damages as allowed by law;

    c.    pre-judgment interest at the highest lawful rate and to the maximum extent allowed by law;

    d.    post-judgment interest at the highest lawful rate and to the maximum extent allowed by law;

    e.    exemplary damages;

    f.    costs of court; and

    g.    such other relief, special or general, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: :\_\_\_\_s/ Patrick W. Powers\_\_\_\_
    Patrick W. Powers
    State Bar No. 24013351
    patrick@ckptlaw.com

CASH KLEMCHUK POWERS TAYLOR LLP
Campbell Centre II
8150 North Central Expressway, Suite 1575
Dallas, Texas 75206
Phone: 214.239.8900
Fax: 214.239.8901

**ATTORNEYS FOR PLAINTIFFS**