IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **STEPHEN M. AVDEEF and MELISSA A. AVDEEF, individually and as next friends of ANASTASIA M. AVDEEF, a minor, and SHIRLEY A. AVDEEF**, <br><br>Plaintiffs, <br><br>v. <br><br>**ROCKLINE INDUSTRIES, INC., SAM'S EAST, INC. d/b/a SAM'S CLUB, and WAL-MART STORES, INC.,** <br><br>Defendants. | § § § § § § § § § § § § § § § § Civil Action No. **3:08-CV-2157-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Plaintiffs' Motion for Change of Venue, filed August 17, 2009; (2) Defendants' Rule 11 Motion to Strike Portions of Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion and Brief for Change of Venue, filed October 2, 2009; and (3) Plaintiffs' Motion for Sanctions, filed October 13, 2009. After carefully considering the motions, record, and applicable law, the court **denies** Plaintiffs' Motion for Change of Venue, **grants** Defendants' Rule 11 Motion to Strike Portions of Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion and Brief for Change of Venue, and **denies** Plaintiffs' Motion for Sanctions.

**I.     Motion to Transfer Venue**

Plaintiffs Stephen Avdeef, Melissa Avdeef, and Shirley Avdeef ("Plaintiffs" or the "Avdeefs") move to transfer this civil action to the Fort Worth Division of the Northern District of Texas. They contend that their former counsel told them that he would file this civil action in Fort

Worth, that Defendants' Sam's Club #8210 is located in Fort Worth, that they reside in Tarrant County, and that they purchased the allegedly defective product within the Fort Worth Division.

Defendants oppose the motion and argue that Plaintiffs did not contest venue for more than eight months after filing their complaint, that there is a scheduling order in place, and that transfer would cause unnecessary delay. They contend that transfer is not appropriate pursuant to 28 U.S.C. § 1404(a) and that Plaintiffs chose to file their case in the Dallas Division of the Northern District of Texas.

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)). Once this initial determination is made, a district court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

**Memorandum Opinion and Order - Page 2**

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

There is no question that the events giving rise to this lawsuit occurred in the Northern District of Texas, which encompasses the Dallas and Fort Worth Divisions, as well as five other divisions. *See* 28 U.S.C. § 124(a). It is without cavil that venue is appropriate in this *judicial district*, the Northern District of Texas. The question that must be resolved is whether an intradistrict transfer should occur from the Dallas Division to the Fort Worth Division.

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)).

The court has reviewed the parties' arguments and determines that Plaintiffs have not carried their burden to show that the eight factors, or even a majority, weigh in favor of transfer. While Plaintiffs now dispute the actions of their prior attorney, this case, brought by them, was filed in the Dallas Division of the Northern District of Texas. It has now been pending before the court for more than ten months. The court has expended significant resources on it by holding hearings, ruling on motions, and issuing a scheduling order. While Plaintiffs reside within the Fort Worth Division, they have been able to appear in this court and have electronic access to filing in this division. Given the short distance between Dallas and Fort Worth (approximately thirty miles) and that Plaintiffs will only be minimally inconvenienced, the court determines that keeping the case here is appropriate. As the Fifth Circuit held in another case, "[t]his case is not being consigned to the wastelands of Siberia or some remote, distant area of the Continental United States." *Jarvis*

*Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that transfer of more than 200 miles was within sound discretion of trial court). Accordingly, the court **denies** Plaintiffs' Motion for Change of Venue.

## II.     Motions for Sanctions

The parties have filed cross-motions for sanctions relating to the motion to transfer venue. Defendants move to sanction Plaintiffs by striking portions of their reply brief. Plaintiffs argue that Defendant's motion for sanctions is itself sanctionable and request "the equal amount of pay in billable hours from all three Defendants' counsel collectively, for the eight weeks of Plaintiffs' time that has been wasted." Pls.' Mot. for Sanctions 9. They also ask the court to force recusal of Defendants' counsel and to rule in their favor on the motion to transfer venue.

### A.     Defendants' Motion for Sanctions

Defendants' motion is directed at language in one paragraph in Plaintiffs' motion to transfer venue that states:

> At this time, Plaintiffs would like to postulate a theory that more fits the reasoning why Defendants are so vehemently opposing a change of venue within the Northern District. Plaintiffs feel the underlying truth behind this correction of injustice is a matter of Defendants not wanting to lose the "Home Court Advantage." This theory is supported by statements made by Ms. Williams at the beginning of the court ordered status meeting, and before we even took our seats. While Mr. Avdeef was still looking out the window at the view of downtown Dallas, Ms. Williams brought up the subject of Change of Venue, and that Defendants opposed it to Plaintiff, Mr. Avdeef. Mr. Avdeef in turn did not concur on the subject, but instead informed Ms. Williams about how Mr. Powers did not inform Plaintiffs of when, or even where the case had been filed, and in addition, the Plaintiffs had already filed a State Bar complaint against Mr. Powers. It was obvious that this was no surprise to Ms. Williams, and with a snicker, Ms. Williams took her seat and stated under her breath a disparaging comment about Federal Judge John McBryde. Ms. Williams stated out loud in a very low tone, "Oh yes, the Defendants

> oppose moving it to Fort Worth, Judge McBryde hates Dallas attorneys." Plaintiffs are forced to concluded by the vigorous nature of this dispute, that venue has nothing to do with "convenience" but falls more along the lines of maintaining some sort of perceived advantage over the Plaintiffs, thus rendering the Defendants' arguments, "without merit."

Pls.' Reply in Supp. Mot. to Transfer Venue 6.

Defendants state that at the meeting on April 20, 2009, Mr. Avdeef did not object to the venue and that the joint status report states that "[t]here are no objections to jurisdiction or venue." They contend that Ms. Williams did not make any statements about Fort Worth or Judge McBryde, that Ms. Williams did not have any inappropriate conversations with Plaintiffs' former counsel, and that Plaintiffs' continued statements about Ms. Williams and Mr. Powers are defamatory and lack foundation. Defendants note that the court has once reprimanded Mr. Avdeef for making inaccurate representations to the court. They argue that these statements in Plaintiffs' reply are false, without basis, and cannot be substantiated, and that they are made only to harass and malign Defendants' counsel. Defendants also attach to their motion Mr. Avdeef's response to their Rule 11 motion.

In response to Defendants' motion, Plaintiffs filed their own motion for sanctions, seeking various relief, and accusing Defendants of making "false and misleading statements." Pls.' Mot. for Sanctions 1. Plaintiffs also repeatedly state that Defendants "feign victimization." They also argue that several paragraphs of Defendants' motion for sanctions are sanctionable.

The court first considers Defendants' motion for sanctions. Defendants only ask the court to strike part of one paragraph of Plaintiffs' reply in support of its motion to transfer venue. This paragraph sets forth Plaintiffs' version of events relating to statements made by Ms. Williams during the parties' conference. Defendants dispute Plaintiffs' version of events. Neither party has provided any proof to the court of statements made or not made; however, whether a statement was made is

**Memorandum Opinion and Order - Page 5**

irrelevant to the court's consideration of the motion to transfer venue. Defendants have provided legal authority to support their opposition to the motion to transfer venue, and the court determined, without considering Defendants' alleged legal strategy, that Plaintiffs have failed to meet their burden and show that transfer to Fort Worth is warranted. Plaintiffs' statements about Ms. Williams and their meeting are irrelevant to the legal basis for their motion and appear to be included to paint Ms. Williams in an unflattering light. Because this paragraph is not relevant and is not supported by any evidence, the court determines that there is good cause to strike the language quoted above. Accordingly, the court **grants** Defendants' Rule 11 Motion to Strike Portions of Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion and Brief for Change of Venue and hereby **strikes** the quoted language from page 6 of Plaintiffs' reply from the record.

### B. Plaintiffs' Motion for Sanctions

The court now considers Plaintiffs' request for sanctions. Plaintiffs first complain about paragraph 5 of Defendants' motion for sanctions. This paragraph simply paraphrases and cites Rule 11(b)(3) of the Federal Rules of Civil Procedure. Plaintiffs state that they

> find the inclusion of this statement not only incredulous, but a colossal spin on the truth, and the Defendants [sic] motivation, since they have already shown in the last few motions and pleadings that they are willing to subvert the law at every turn, and make this process as mean, nasty, and vindictive as possible, thus maintaining a complete lack of decorum. . . . Further, Plaintiffs feel that the fact that the Defendants included this statement in the argument as a way to "admonish" the Plaintiffs' [sic] has to be the epitome of hypocrisy, since Defendants have clearly shown a willingness to violate the very same rules that they now want the court to chide the Plaintiffs for.

Pls.' Mot. for Sanctions 3. The court is perplexed by Plaintiffs' strong reaction to a simple restatement of one of the rules of civil procedure that governs litigation in this forum. Defendants' citation to Rule 11 does not "subvert the law," "make this process . . . mean, nasty, and vindictive,"

or show any possible "lack of decorum." While Plaintiffs certainly are free to disagree with Defendants' contention that they have violated the rule, this response to the mere citation of the rule is without merit. The court itself has charged Plaintiffs to read and comply with the Federal Rules of Civil Procedure.

Next, Plaintiffs complain that Defendants cite again to the Joint Status Report that was filed by Defendants. They state that "[t]he mere fact that Defendants have attached this Status Report once again, [sic] is not only false and misleading, this is outright perjury, as Defendants are making statements that are contradictory to the court record, and is wholly improper for Defendants to quantify a document that has already been ruled on by THE COURT . . . ." *Id*. at 3. Plaintiff state again that Defendants' statements are perjury. The court disagrees. Defendants simply argue that the parties had reached agreement at their conference and that the joint status report they filed reflects those agreements; Plaintiffs certainly are free to disagree, but there is no doubt that the filed joint status report does state that "There are no objections to jurisdiction or venue." Defendants quote a filed document accurately; Plaintiffs' disagreement that the filed document misrepresents their position does not make this statement perjury.

Plaintiffs next complain of paragraph 7, which states: "Ms. Williams did not make any disparaging comments about Fort Worth or mention Judge John McBryde to Plaintiff Mr. Avdeef in any way." Plaintiffs state that this "statement is false and misleading, and skirts the truth by the slimmest of margins." They complain that Defendants have not provided any sworn testimony to support this statement. Again, Plaintiffs' complaints confuse the court, because they have not done that which they complain about – providing sworn testimony to support their motion. The court has already stated that resolving this issue is unnecessary to rule on the motion to transfer venue and has

**Memorandum Opinion and Order - Page 7**

stricken Plaintiffs' statement from the reply. Accordingly, there is no reason to consider this complaint further, and it is not sanctionable for Defendants to set forth their version of events as part of their argument in a motion.

Plaintiffs also complain about Defendants' statements in paragraph 8 of their motion relating to Plaintiffs' allegations about improper communications between Ms. Williams and their prior counsel. As the court has stated on the record, Plaintiffs' complaints against their prior counsel are not relevant to this proceeding and will not be addressed by the court. Moreover, the court has stricken references to the bar grievances from the record because they are not relevant to the motion to transfer.

Next, Plaintiffs complain that Defendants "make an inflammatory statement towards Mr. Avdeef by making false and misleading statements that are not supported by evidence" and that they "falsely paraphrase[] what happened at the Involuntary Dismissal Hearing." *Id*. at 6. The court finds nothing sanctionable in Defendants' description of the hearing.

Plaintiffs contend that paragraph 10 of Defendants' motion is also sanctionable. The court does not follow Plaintiffs' argument regarding this paragraph, which is Defendants' contention that Plaintiffs have violated Rule 11 and that therefore portions of their reply should be stricken. The court finds nothing sanctionable in Defendants' prayer for relief.

Finally, Plaintiffs complain that paragraph 11 contains "false and misleading statements" and is "perjury by omission." In this paragraph, Defendants state that Mr. Avdeef, in his response to their proposed Rule 11 motion, threatened Defense counsel. Plaintiffs contend that Defendants take a statement out of context, that Mr. Avdeef simply warned of future litigation, and that Defendants have failed to attach the "letter of intent" in which the statement is made. Plaintiffs complain that

"Defendants . . . have crossed the line of zeal, and have made this legal battle as nasty and as personal as possible, so in turn, an [sic] additional legal actions are inevitable, and are of the Defendants' own doing." *Id*. at 8.

The court has carefully reviewed Plaintiffs' motion and the correspondence between the parties attached to both motions for sanctions. While there are personal and nasty attacks in this correspondence, the court finds that the only such comments and statements have been made by Mr. Avdeef. The September 30, 2009 "Direct Response to Your Rule 11" letter and September 8, 2009 "Letter of Intent" sent by Mr. Avdeef to Defendants include unprofessional, harassing, and sexist language and personal attacks.[1] He makes repeated personal attacks on Ms. Williams and her clients, accuses her of manipulating and twisting the facts, and repeatedly references both his martial arts training and his weapons.[2] While Mr. Avdeef's references to weapons and future litigation do not necessarily cross the line and threaten Defendants or their counsel, the court finds that these

---

[1] "After looking over your trial record to see what type of opponent you are going to be, now I understand why you are so frustrated at not being able to either bluster your way out of this case, or find some sort of technicality to get the case dismissed. . . . It appears you have actually spent most of your career sitting at your desk writing letters to twist and manipulate the facts into getting a case to settle, go away, or just intimidate the opponent into surrendering." Resp. to Rule 11 (Sept. 30, 2009) 1; "I went to the status meeting alone with only one agenda, to size up the enemy, meaning, know your opponent, JUST LIKE IN MARTIAL ARTS!" *Id*. at 2 (original emphasis); "I spoke before of what most women attorneys are like so I could rattle your cage, and it worked perfectly from what I gleaned from you after our status meeting. . . . But, when your vindictive measure failed to get the case dismissed, you once again proved me right, when instead of standing up and walking across to the Plaintiffs' table to show us the professional you claim to be, instead you acted like an impudent child and scooped up your belongings and stomped out of the room as if you had just been grounded from recess, how unprofessional." *Id*.; "I am not aware if you have any children, since you appear to be the type that did the career thing first, but there is the strategy that will be impossible for your tactics to overcome, and why I find it absolutely astounding that you are willing to take this all the way to the jury. . . . That shows a poor litigator, and a crappy trial lawyer, since you have no idea who the jury is going to be studying, since you have already assumed that we are just after some sort of monetary score, or some other form of greed, since that is all that you and your client understand." *Id*. at 3.

[2] "Here, let's review: you deprived me of my Freedom of Speech rights, you attempted to obtain an Order of Protection under false pretenses, and tried to use it as a manipulation factor in a CIVIL ACTION! And even worse, you tried to take away my CONSTITUTIONAL RIGHT TO BEAR ARMS, for which I will be bringing in the NRA to assist me, and to ensure this action against your firm makes it to the national level." Letter of Intent (Sept. 8, 2009) 2; "I do have to say, after taking martial arts classes through all of my youth, and now teaching it as an adult, I instruct all of my students to agitate any opponent, and push all of their buttons, this way you are guaranteed to dominate them in any fight, since underestimating an opponent and losing your cool, it [sic] the quickest way to defeat." *Id*.

**Memorandum Opinion and Order - Page 9**

references are meant to be at least indirect threats. Mr. Avdeef has conducted a campaign meant to intimidate Defense counsel and admits his attempts to "rattle [Ms. William's] cage." These attempts are unprofessional, unnecessary, and have nothing to do with the merits of his claims. The court has reviewed Defendants' motion, their September 11, 2009 response to Mr. Avdeef's "Letter of Intent," and their response to Plaintiffs' motion and finds no similar personal attacks or threats. The court will not permit continued personal attacks upon Defendants or their counsel, any further harassment, indirect threats, or the continued fiery and heated language set forth by Mr. Avdeef. Such behavior is unprofessional, unnecessary, and completely irrelevant to the merits of this case; the court will not continue to referee the parties in this case, as its role is to adjudicate the claims before it. The unprofessional conduct must end.

*Accordingly, Plaintiffs are hereby prohibited from making personal comments or attacks upon Defendants or their counsel, intimidating, harassing, or warning Defendants or their counsel in any way as to make a direct or indirect threat, or making reference to martial arts or weapons of any sort*. *The court does not take kindly to the reference to the National Rifle Association because the name was invoked to cause intimidation because of its power and prominence at the national level. If Plaintiffs violate this order, the court will impose sanctions, which may include fines, dismissal of this civil action pursuant to Rule 41 of the Federal Rules of Civil Procedure, or any other sanction the court deems appropriate to correct the violation of its orders*. As Plaintiffs have failed to state any basis for sanctions against Defendants, the court **denies** Plaintiffs' Motion for Sanctions.

In their response, Defendants seek their attorney's fees in responding to Plaintiffs' motion. The court **denies** this request, but notes that this is the last break that Plaintiffs will get in this regard.

**Memorandum Opinion and Order - Page 10**

If the court determines that a future filing by Plaintiffs is not substantially justified, it will award attorney's fees to Defendants. Although Plaintiffs are not attorneys, they have an obligation to familiarize themselves with the applicable rules and not file any document unless a sound reason, consistent with the law, exists for such filing.

**It is so ordered** this 23rd day of October, 2009.

                                                                Sam A. Lindsay
                                                                United States District Judge