IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN M. AVDEEF and MELISSA A. AVDEEF, individually and as next friends of A.A., a minor,[1] and SHIRLEY A. AVDEEF**, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:08-CV-2157-L** |
| **ROCKLINE INDUSTRIES, INC., SAM'S EAST, INC. d/b/a SAM'S CLUB, and WAL-MART STORES TEXAS, LLC,**[2] | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendants' Motion for Summary Judgment, filed October 7, 2009; and (2) Defendants' Motion for Sanctions for Failure to Attend Depositions, filed November 25, 2009. After carefully considering the motions, briefs, record, and applicable law, the court **grants** Defendants' Motion for Summary Judgment, and **denies as moot** Defendants' Motion for Sanctions for Failure to Attend Depositions.

### I.     Factual and Procedural Background

Plaintiffs Steven M. Avdeef, Melissa A. Avdeef, and Shirley A. Avdeef ("Plaintiffs") filed their Original Complaint on December 5, 2008. Steven and Melissa Avdeef filed their claims in

---

[1] Although Plaintiffs used A.A.'s full name in their Complaint, because she is a minor, the court refers to her by her initials pursuant to Rule 5.2(a)(3) of the Federal Rules of Civil Procedure and **directs** the clerk of the court to change her name on the docket of this case.

[2] Plaintiffs named "Wal-Mart Stores, Inc." as a Defendant. Defendants contend that the proper Wal-Mart entity is Wal-Mart Stores Texas, LLC. The court **directs** the clerk of the court to correct the name of this party on the docket of this case.

**Memorandum Opinion and Order - Page 1**

their individual capacities and as next friends of their minor daughter, A.A. Plaintiffs' claims arise from the purchase of Members Mark Moist Wipes from Sam's Club store #8210 in Fort Worth, Texas. Plaintiffs contend that after using the baby wipes, Plaintiffs and A.A. became increasingly ill, suffering cold and flu-like symptoms, urinary tract infections, severe upper respiratory infections, and digestive illnesses. They contend that on December 17, 2008, they received a letter stating that the baby wipes contained Burkholderia cepacia ("B. cepacia"), and they contend that it is a known pathogen that causes serious illnesses. Plaintiffs allege that their illnesses were caused by use of the baby wipes.

Plaintiffs brought claims against Defendants Rockline Industries, Inc., Sam's East, Inc. d/b/a Sam's Club, and Walmart Stores, Inc. ("Defendants"). Specifically, Plaintiffs allege causes of action for: product liability; negligence and gross negligence; common law fraud; breach of contract; violation of the Texas Deceptive Trade Practices Act ("DTPA"); breach of express warranty; breach of the implied warranty of merchantability; and breach of the implied warranty of fitness.

Defendants have moved for summary judgment on all of Plaintiffs' claims. They also seek dismissal of Plaintiffs' claims as a sanction for their failure to appear at their noticed depositions.

## II.     Motion for Summary Judgment

### A.     Legal Claims of A.A.

Before reaching the merits of the motion for summary judgment, the court *sua sponte* considers the issue of whether Plaintiffs Stephen M. Avdeef and Melissa A. Avdeef may represent the interests of their daughter as next friends while they proceed *pro se*. A.A. is a minor and although she was originally represented by counsel, she has not had an attorney since counsel withdrew on March 11, 2009.

The Fifth Circuit Court of Appeals has held that a parent proceeding *pro se* has no authority to bring claims on behalf of a minor and reversed a district court that dismissed with prejudice a minor's claims that were being prosecuted by a *pro se* parent. *Morgan v. Texas*, 251 Fed. App'x 894, 896 n.2 (5th Cir. 2007) (citing *Johnson v. Lufkin Daily News*, 48 Fed. App'x 917, 917 (5th Cir. 2002); *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 124-25 (2d Cir. 1998), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)). Accordingly, the court determines that the claims asserted by Stephen and Melissa Avdeef as next friends of A.A. should be dismissed without prejudice because they lack standing to bring claims on behalf of A.A. A.A.'s claims, which are tolled while she is a minor, may be reasserted by an attorney appointed or retained to pursue her claims, or may be refiled by her when she reaches the age of majority. The court therefore does not consider A.A.'s claims further in this civil action.

**B.     Legal Standard**

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not

make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**Memorandum Opinion and Order - Page 4**

### C. Analysis

Defendants contend that there is no genuine issue of material fact with respect to any of Plaintiffs' claims. They contend that there is no evidence that the baby wipes used by Plaintiffs were part of the recall or that they were contaminated. They also argue that Plaintiffs have no evidence to support their damages claims. Plaintiffs oppose the motion; they criticize the laboratory test relied upon by Defendants and contend that the UPC codes on the wipes they bought match the codes included in the recall. The court will now consider each of Plaintiffs' claims.

#### 1. Product Liability

Texas has adopted section 402A of the Second Restatement of Torts, which holds "those who sell defective products strictly liable for physical harm they cause to consumers." *New Texas Auto Auction Servs., L.P. v. Gomez de Hernandez*, 249 S.W.3d 400, 402-403 (Tex. 2008) (citation and footnote omitted). Section 402A provides:

> One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
> (a) the seller is engaged in the business of selling such a product, and
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

Restatement (Second) of Torts § 402A(1) (1965).

Defendants contend that there is no evidence that the product at issue was defective. They argue that Plaintiffs have not shown that the wipes in question were part of a recalled lot or that they were actually contaminated with B. cepacia. They further argue that the evidence shows that Plaintiffs made substantial changes to the condition of the wipes because they placed them in a

warmer. They contend that Plaintiffs cannot show that the wipes were unreasonably dangerous or that they caused any injury.

Plaintiffs do not respond to Defendants' motion claim-by-claim; instead, they make two arguments that they apparently address to the entirety of the motion for summary judgment. The court will consider those arguments now.

### a. Adequacy of Laboratory Testing

Defendants have submitted the lab results from Accutrace Testing, Inc. with their motion for summary judgment. The laboratory results state that "[n]o bacteria was detectable on the [baby wipes] based on Aerobic Plate count results." Defs.' App. 10. Defendants also submit the "Declaration of Evidence Timeline" signed by Plaintiff Stephen Avdeef, which states that Plaintiffs collected baby wipes in their home upon receipt of a recall notice, that these wipes were placed in their garage until transferred to their former counsel, and that they were submitted to Accutrace Testing for testing. *Id.* at 13.

Plaintiffs argue that Defendants did not investigate the validity of the testing, that Accutrace did not perform the test, that Defendants failed to test the baby wipes themselves, that Plaintiffs' prior counsel chose the cheapest laboratory possible to test the baby wipes, and that Defendants have failed to show that the testing performed was appropriate to confirm the presence of B. cepacia. Plaintiffs further argue that the testing performed is inadequate to confirm the presence of B. cepacia, and they allege that they have attached evidence showing the danger of B. cepacia.

In deciding a motion for summary judgment, once the movant has made an initial showing, the burden shifts to the nonmovant to produce competent summary judgment evidence to

demonstrate that there is a genuine issue of material fact. *Matsushita*, 475 U.S. at 586. Rule 56(e) provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). The court recognizes that Plaintiffs are proceeding *pro se* but is also mindful that it has warned them verbally and in writing that they are required to read, become acquainted with, and follow the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and local rules of this court.

Plaintiffs' arguments about the adequacy of the Accutrace testing miss the mark. The only evidence before the court shows that the baby wipes produced by Plaintiffs in discovery are not contaminated with any bacteria.[3] The burden is therefore on Plaintiffs to produce evidence to establish that the baby wipes were contaminated. Defendants are under no obligation to do further testing on the wipes. Plaintiffs' evidence regarding testing generally and endotoxins does not create a genuine issue of material fact that the baby wipes at issue were contaminated. *Plaintiffs' alleged evidence about the dangers of B. cepacia consists of blank pages in its appendix*. There is simply

---

[3]Defendants' Appendix, which was filed without any cover sheet or affidavit verifying the evidence, does not comply with Rule 56(e)(1) of the Federal Rules of Civil Procedure. For example, the Perlman affidavit refers to documents, but does not include a "sworn or certified copy [of such documents] . . . attached to or served with the affidavit." *Id*. The court, nonetheless, determines that it may rely upon this evidence to grant summary judgment because all of the documents on which it relies were produced by Plaintiff as authentic or are relied upon by Plaintiffs to establish their case or rebut the motion for summary judgment, except for the Perlman affidavit. For example, the Accutrace testing results were produced by Plaintiffs, and that testing was done at the behest of Plaintiffs' attorney. Plaintiffs admit to receiving the letter from Sam's Club regarding the recall. Plaintiff Stephen Avdeef is the author of many of the other exhibits in the Appendix. Accordingly, the court determines that there is no legal prejudice to Plaintiffs in relying on this evidence to grant summary judgment.

**Memorandum Opinion and Order - Page 7**

no evidence before the court that the baby wipes bought by Plaintiffs were contaminated by B. cepacia or any other bacteria, and notwithstanding Plaintiffs' attacks on the testing, they have failed to carry their burden and provide some evidence to the contrary.

### b. Recall of Baby Wipes

Defendants also have submitted summary judgment evidence showing that the baby wipes produced by Plaintiffs were not part of the recall by the manufacturer. Defendants have provided two letters regarding the recall, one from Rockline and another from Sam's Club. They also have submitted photographs of the baby wipes produced by Plaintiffs, including the lot numbers, and an affidavit from Alan Perlman, who states that the lot numbers in those photographs do not match the recalled lots.

Plaintiffs respond that they have addressed this argument with counsel before and state that there was one extra package of baby wipes that was inadvertently included in the wipes given to their attorney. They state that this issue is addressed in their "Declaration of Evidence Timeline." They contend that the Perlman affidavit fails to take into consideration that fact that the UPC code on one of the baby wipe containers matches the codes listed in the recall letters.

The court has reviewed the evidence submitted by Defendants and finds that none of the lot numbers submitted on the produced baby wipes matches the recalled lots, as stated by Perlman in his affidavit. The Rockline letter, the Sam's Club letter, and the Perlman affidavit state that the recalled lots of Member's Mark Moist Wipes Pop-Ups, the wipes at issue, are LOT 06237 0220197XXXX through LOT 06253 0220197XXXX. The lot number in the wipes produced by Plaintiffs is LOT 06233 02201970321.[4] Perlman explains that it is the lot numbers that determine

---

[4]This is the only lot number in the photographs in Defendants' Appendix. Plaintiffs have not produced any evidence of any other lot numbers on the wipes they produced to Defendants.

**Memorandum Opinion and Order - Page 8**

if a particular package was recalled, and that the wipes produced by Plaintiffs were produced four days before the manufacture of any wipes subject to the recall. The matching UPC codes therefore do not establish that the baby wipes Plaintiffs produced were part of the recall.

The only evidence in the summary judgment record shows lot numbers of baby wipes that were not recalled. If Plaintiffs had baby wipes that were part of the recall, that evidence is not before the court, and they have therefore failed to carry their burden in showing that they bought or used recalled baby wipes. Accordingly, the court determines that there is no genuine issue of material fact with respect to whether Plaintiffs bought or used recalled baby wipes.

In light of the court's determination that there is no evidence of contamination of the baby wipes produced by Plaintiffs or that any of their baby wipes were part of the recall, the court determines that there is no genuine issue of material fact as to whether the baby wipes were defective or that they caused Plaintiffs any physical harm. Defendants are therefore entitled to judgment as a matter of law on Plaintiffs' product liability claim.

### 2. Negligence and Gross Negligence

In Texas, the elements of a negligence claim are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2003). Gross negligence cannot be established without a showing of negligence. *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App. – Austin 1990, no writ.).

Defendants contend that there is no evidence that they breached any duty to Plaintiffs because the baby wipes were not part of the recall and were not contaminated. They also argue that

Plaintiffs have failed to show any injury caused by their alleged breach. As stated above, Plaintiffs have made general arguments that the court has addressed.

There is no evidence of Defendants' breach of any duty owed to Plaintiffs or of damages arising from such a breach. Accordingly, there is no genuine issue of material fact regarding the negligence claim, and Defendants are entitled to judgment as a matter of law on this claim.

### 3. Common Law Fraud

In Texas, the elements of common law fraud are: "(1) a material misrepresentation; (2) that was false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intention that it should be acted upon by another party; (5) relied upon by another party[;] and (6) causing injury." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir.), *cert. denied*, 130 S. Ct. 199 (2009) (citation omitted). The material misrepresentation element "can be met if the defendant concealed or failed to disclose a material fact when a duty to disclose existed." *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 567 (5th Cir. 2005).

Defendants argue that Plaintiffs have failed to offer evidence that they concealed any facts from Plaintiffs and argue that the voluntary recall actually demonstrates their efforts to communicate with their customers. They also contend that there is no evidence that they concealed anything from Plaintiffs because the wipes in question were not part of the recall and were not contaminated. They argue that Plaintiffs were not injured by any alleged fraud. Plaintiffs have argued generally that the wipes were contaminated and part of the recall.

The court determines that because there is no evidence that the baby wipes were part of the recall or that they were contaminated there is no evidence of any material misrepresentation or

omission by Defendants or any injury to Plaintiffs caused by the baby wipes. Accordingly, there is no genuine issue of material fact regarding the common law fraud claim, and Defendants are therefore entitled to judgment as a matter of law on this claim.

### 4.     Breach of Contract

Under Texas law, the essential elements for a breach of contract claim are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

Defendants contend that Plaintiffs' allegation is that they entered into an agreement to provide baby wipes, but that there is no evidence that Defendants breached any contract. They point out that the wipes in question were not contaminated or part of the recall and that Plaintiffs have not produced evidence of injury. The court has addressed Plaintiffs' contentions.

The court determines that there is no evidence of the breach of any contract or any damages to Plaintiffs caused by such a breach. Accordingly, there is no genuine issue of material fact regarding the breach of contract claim, and Defendants are therefore entitled to judgment as a matter of law on this claim.

### 5.     DTPA

Plaintiffs have alleged various violations of the DTPA, including: section 17.46(b)(2), causing confusion or misunderstanding about the source, sponsorship, approval, or certification of goods or services; section 17.46(b)(3), causing confusion or misunderstanding about affiliation, connection, or association with, or certification by, another; section 17.46(b)(5), representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or

**Memorandum Opinion and Order - Page 11**

quantities, which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he does not have; section 17.46(b)(7), representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; section 17.46(b)(9), advertising goods or services with intent not to sell them as advertised; and section 17.46(b)(24), failing to disclosure information concerning goods or services which was known at the time of the transaction with the intent to induce the Plaintiffs to enter into a transaction into which she would not have entered had the information been disclosed. Compl. ¶ 46(a)-(f). Plaintiffs also allege Defendants have violated section 17.50 by breaching various express and implied warranties. *Id*. at ¶ 48.

Defendants contend that Plaintiffs have not produced any evidence to support these claims, that the wipes were not part of the recall or contaminated, and therefore there were no misrepresentations regarding the wipes. They also argue that Plaintiffs have not produced any evidence of damages. Plaintiffs argue that the wipes were part of the recall and were contaminated.

Because the wipes were not recalled or contaminated, the court determines that Defendants have not made any misrepresentations or breached any warranties that would give rise to liability under the DTPA. Accordingly, there is no genuine issue of material fact regarding the DTPA claims, and Defendants are therefore entitled to judgment as a matter of law on these claims.

    **6.**  **Breach of Express Warranty, Implied Warranty of Merchantability, and Implied Warranty of Fitness**

Pursuant to the Texas Business and Commerce Code, an express warranty is created when any "affirmation of fact or promise [is] made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." Tex. Bus. & Com. Code § 2.313(a)(1). To bring a

claim for breach of such a warranty, a plaintiff must show that he relied upon the warranty. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997).

A warranty of merchantability is "implied in a contract for . . . sale if the seller is a merchant with respect to goods of that kind." Tex. Bus. & Com. Code § 2.314(a). Merchantable goods must "pass without objection," be "of fair average quality," "fit for [their] ordinary purpose," "run . . . of even kind," be "adequately contained, packaged, and labeled," and "conform to the promises or affirmations of fact made on the container or label." *Id*. at § 2.314(b)(1)-(6). An implied warranty of fitness for a particular purpose is created "[w]here the seller . . . has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." *Id*. at § 2.315.

Defendants contend that the baby wipes were not part of the recall and were not contaminated. They argue therefore that there is no genuine issue of material fact with respect to whether the product breached any express or implied warranty. Plaintiffs generally argue that the baby wipes were part of the recall and were contaminated.

The court determines that there is no genuine issue of material fact because there is no evidence that the baby wipes were contaminated or recalled. Defendants are therefore entitled to judgment as a matter of law on Plaintiffs' claims for breach of express and implied warranties.

### III.    Motion for Sanctions

Defendants have also moved for sanctions, seeking dismissal of this civil action with prejudice because of Plaintiffs' failure to attend their noticed depositions. The court has already determined that Plaintiffs' claims should be dismissed with prejudice as a matter of law and,

therefore, will not address this motion, which also seeks dismissal of this action with prejudice. The motion for sanctions should be denied as moot.

## IV. Conclusion

For the reasons stated herein, the court **dismisses without prejudice** A.A.'s claims brought by her parents Stephen M. Avdeef and Melissa A. Avdeef as next friends for lack of standing. The court **grants** Defendants' Motion for Summary Judgment. The court **dismisses with prejudice** Plaintiffs' claims for product liability; negligence and gross negligence; common law fraud; breach of contract; violation of the DTPA; breach of express warranty; breach of the implied warranty of merchantability, and breach of the implied warranty of fitness. The court **denies as moot** Defendants' Motion for Sanctions for Failure to Attend Depositions.

**It is so ordered** this 29th day of January, 2010.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge